**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WELKER BEARING COMPANY,

       Plaintiff,                              Case No. 06-13345

v.                                              Hon. Gerald E. Rosen

PHD, INC.,

       Defendant.
_____/

**ORDER STRIKING PLAINTIFF'S TWO PARTIAL
SUMMARY JUDGMENT MOTIONS AND INSTRUCTING
PLAINTIFF TO RE-FILE AS A SINGLE CONSOLIDATED MOTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    June 4, 2007   

PRESENT: Honorable Gerald E. Rosen
                   United States District Judge

On May 31, 2007, Plaintiff filed two separate motions for partial summary judgment in this patent infringement action, arguing in these motions that Defendant's products infringe each of the two patents-in-suit. The two briefs in support of these motions precisely match the 20-page limit set forth in Local Rule 7.1(c)(3)(A) of the Eastern District of Michigan, for a total of 40 pages in all.

The commentary to Local Rule 7.1 includes the following cautionary text:

> The 20-page limit under LR 7.1(c)(3)(A) will be strictly enforced by the Court. Attempts to circumvent the LR in any way may be considered an abusive practice which may result in the motion or response being stricken as well as sanctions being imposed under LR 11.1.

As indicated in one of its prior published decisions, this Court believes that the Local Rule is circumvented when a party distributes its separate but related contentions and legal challenges over several separate dispositive motions, each of which is accompanied by a brief that approaches the 20-page limit. See Rainbow Nails Enterprises, Inc. v. Maybelline, Inc., 93 F. Supp.2d 808, 810 n.1 (E.D. Mich. 2000).[1]

Such a strategy is particularly evident here. Large portions of Plaintiff's two briefs are essentially identical — including, for example, a recitation of facts that is reproduced nearly word-for-word in each of the two briefs — and, as noted, each brief logs in at precisely the 20-page limit. In addition, the two briefs are accompanied by nearly identical sets of exhibits. In light of all this, there is strong reason to suspect that all of Plaintiff's various grounds for summary judgment could be advanced in a consolidated brief that would be considerably shorter than the 40 pages that presently are devoted to this effort. Beyond this, of course, the volume of accompanying exhibits would be cut in half, and the Court would not face the prospect of duplicative sets of response and reply briefs.

Consequently, Plaintiff's two separate dispositive motions will be stricken from the docket. Plaintiff is instructed to file a single consolidated motion and brief in support, combining all of its arguments in a single filing. Although Plaintiff should, of course,

---

[1] The Court notes that counsel for Plaintiff is well familiar with the Court's views on this subject, having cited the Rainbow Nails decision in a prior case before this Court in support of an effort to strike an opposing party's multiple briefs in support of separate summary judgment motions. (See Dahlen v. Michigan Licensed Beverage Ass'n, No. 00-71061, Defendant's 12/5/2000 Motion to Strike, Br. in Support at 1.)

endeavor to adhere to the 20-page limit, the Court is willing to entertain a motion under Local Rule 7.1(c)(3)(A) seeking a modest extension of this limit. In the Court's experience, such a single filing, even if somewhat over the 20-page limit, is vastly preferable to a profligacy of motions — which, as noted, invariably triggers multiple responses and replies, supported by escalating rounds of overlapping arguments and duplicative exhibits.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's two partial summary judgment motions filed on May 31, 2007 (docket entries 48 and 51) be STRICKEN from the docket in this action. IT IS FURTHER ORDERED that, within *fourteen (14) days* of the date of this order, Plaintiff may file and serve a single consolidated motion presenting all of the grounds for an award of summary judgment in its favor.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated: June 4, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 4, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager